# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **BRETT DEVON KELLY** | **CIVIL ACTION NO. 04-1911-LC** |
| **VS.** | **SECTION P** |
| **WARDEN GREG TETE, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by Brett Devon Kelly on September 17, 2004. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is presently incarcerated at the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana. Plaintiff names Calcasieu Sheriff Tony Mancuso and CCC Warden Greg Tete as defendants in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff, in very general terms, advanced three basic claims. Plaintiff's first claim centered around alleged problems with mail. More specifically, plaintiff stated that his legal mail was given to another inmate, leaving him unable to answer a detainer. Plaintiff also complained that mail was being left in door slots unattended, and that his privileged mail was being opened and read without justification. (See plaintiff's memorandum of facts (Doc. #10), filed by plaintiff on November 4, 2004). Plaintiff's second basic claim appeared to be one for inadequate medical care based on plaintiff's allegation that he (and an alleged thirteen

other inmates in the same housing area) contracted a staph infection. Plaintiff's third claim centered around his very broad statement "also spider bites," which was too vague for anything but speculation by the court as to the nature of plaintiff's allegations in that regard.[1]

Given the lack of any specific information in his original complaint to support his allegations that his constitutional rights had been violated, this court issued a memorandum order [Doc. #14], directing plaintiff to amend his complaint. Among other things, plaintiff was instructed to provide the court with proof that he exhausted his administrative remedies with regard to the claims asserted in this matter. In response, plaintiff filed a "memorandum of facts and findings" [Doc. #19], in which he stated that the "staff did not reply to grievances (1) nor (2)" and that he could not "appeal without a decision from the lower level of the grievance system." [Doc. #19, p. 1]. Plaintiff did not otherwise address his failure to exhaust administrative remedies, nor did he provide documentation supporting his claim that he filed numerous grievances concerning his allegations.[2] Thereafter, plaintiff filed a letter [Doc. #22, docketed as a supplemental complaint in accordance with the court's instructions as per record document #20] in which he again stated that he filed a grievance concerning the allegations contained in his complaint, but he nevertheless failed to attach any supporting documentation. Following receipt of plaintiff's "supplemental complaint," the court issued a minute entry [Doc. #20], wherein plaintiff was advised to file documentary evidence to support his assertion that he

---

[1]As a result of these claims, plaintiff seeks correction of the problems, and $10,000.00 for pain, suffering, and "hazard" damages.

[2]In Record Document #5, filed with the court on 10/14/04, the plaintiff provided the court with a grievance form dated October 5, 2004, which dealt with plaintiff's complaint concerning the misplacement of inmate mail. The response to the grievance, signed by the warden (or his designee), stated that the officers were already informed that they need to ensure that the mail was handed-out properly. In its memorandum order [Doc. #14], the court noted that said grievance was filed on 10/05/04, a date **after** plaintiff filed the present suit.

has filed a grievance concerning the claim presented in his supplemental complaint, or in the event that he did not have a copy of the grievance and/or responses thereto, plaintiff was instructed to file an affidavit or unsworn statement indicating (1) whether a grievance was actually filed; (2) the precise nature of the claim presented in the grievance; (3) the date of such grievance and appeals, and (4) the date of the responses. Plaintiff did not respond to this dictate from the court.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement **mandatory** in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This action is a prison condition case, which is exactly the type of matter that can best be resolved by the prison officials without resort to judicial action. Thus, it is imperative to note that with respect to plaintiff's claims, plaintiff concedes that he did not properly exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a).

Under current law, plaintiff must exhaust the administrative remedy procedure before proceeding herein. The statute provides for no exceptions.[3] The statute precludes any further

---

[3] see also *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), "... we hold that the PLRA's exhaustion requirement underlines applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. (citation omitted)."

action on these claims until plaintiff has fully exhausted the administrative remedy procedure.
See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires
that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the
action is pending..." "[t]o hold otherwise would encourage premature filing by potential
litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the
federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d
292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as
a deterrent to premature filing by...other potential litigants, thus serving the Congressional
purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and
pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought
relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the
prison having had the opportunity to address the complaint within its grievance procedures.").

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED**
**WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the
filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties
aggrieved by this recommendation have ten (10) business days from service of this report and
recommendation to file specific, written objections with the clerk of court. A party may respond
to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the**
**proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

4

days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day

of  August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE